TERENCE T. EVANS, Circuit Judge,
dissenting.
Although I agree, as the majority observes, that this case marks the “tragic final chapter” in the life of Jamal Mohamed, I do not think his survivors offer sufficient evidence to keep the case going any longer. I would affirm Judge Crabb’s order granting summary judgment for the defendants.
As the majority notes, “the plaintiffs claim must fail if Brooks’s conduct is considered reasonable as a matter of law,” a standard discussed at length in Brownell *776 and Phillips. The majority reads those cases to “stand for the proposition that ... a plaintiff must identify the specific unreasonable conduct that caused his or her injuries.” The majority distinguishes those cases by finding that, unlike Brow-nell and Phillips, the plaintiff here (Mohamed’s mother) identifies specific unreasonable conduct — -Brooks pushing down on Mohamed’s back — and presents sufficient medical evidence to support the claim.
While Brooks’s actions might well have caused Mohamed’s death, I part company with the majority on the question of whether the evidence is sufficient to show that his actions were in any way unreasonable under the circumstances. In answering that question, the majority cites the medical report suggesting that Brooks might have pushed too hard on Mohamed’s back or neck while trying to restrain him. Relying on that report, however, ignores the well-established rule that a police officer’s conduct in a struggle like the one that occurred here must be judged from the perspective of a reasonable officer on the scene, not the “20/20 vision of hindsight.” Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).
It was that understanding of the law, and not just the failure of the plaintiffs to identify specific conduct, that led us to reject “logic akin to the doctrine of res ipsa loquitur” in a situation like the one we have here. See Phillips, 123 F.3d at 594; Brownell, 950 F.2d at 1292. By relying on the medical records to support the plaintiffs claim that Brooks might have pressed too hard, however, that is precisely the logic the majority uses. The question is not whether, looking back, Brooks might have pressed harder than he should have — in hindsight, perhaps he did. Instead, though, we should ask only whether, at the time, Brooks acted reasonably. And, given what appeared to the police on the scene to be a very dangerous situation, the plaintiff offers no evidence that Brooks’s actions, including pushing down on Mohamed’s back to get him under control, were unreasonable.
Throughout the short encounter, Mohamed acted erratically and violently. He punched nurse McCarty and began swinging his belt over his head when Officer Murphy approached him. He strenuously resisted as police tried to handcuff him. It was only then-while a man, who had just punched someone trying to help him, threateningly swung his belt at a police officer, and tried to resist, even when on the ground, as several officers tried to handcuff him — that Brooks began applying weight to Mohamed’s back and shoulder area. Brooks’s knee was on Mohamed for around a half a minute, and Mohamed was breathing when Brooks got up (suggesting that Brooks had no reason to know that he was pressing too hard, if he in fact was). The plaintiff offers absolutely no evidence to rebut this view of what happened. As Judge Crabb observed, “[t]he undisputed evidence shows that defendant Brooks applied force to Mohamed’s body in a manner and for a time period not likely to cause any serious injury to Mohamed.” That the force applied may have, in fact, caused a fatal injury to Mohamed is tragic, but it does not mean that the force applied was unreasonable. For these reasons, I respectfully dissent.